IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JAMEL MIMS,                          §
                                     §
            Plaintiff,               §
                                     §
V.                                   §          No. 3:23-cv-1567-S-BN
                                     §
CAPITAL ONE AUTO FINANCE and         §
LONE STAR CADILLAC,                  §
                                     §
            Defendants.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jamel Mims filed a *pro se* complaint raising claims under two federal statutes: the Truth in Lending Act ("TILA") and the Fair Debt Collections Practices Act ("FDCPA"). *See* Dkt. No. 3.

The presiding United States district judge referred Mims's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Defendants Capital One Auto Finance and Lone Star Cadillac then moved to dismiss the complaint for failure to state a claim on which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e). *See* Dkt. No. 8.

The day that his response to this motion was due – and after the deadline to file an amended complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1)(B) – Mims filed Motion for Leave to Amend [Dkt. No. 10], which itself was not a proper motion for leave to amend the complaint under the Federal

Rules of Civil Procedure or the Court's local rules, but through which Mims requested "a 15-day extension to amend and file his complaint."

The Court granted Mims's motion to the extent that it extended his deadline to respond to the motion to dismiss or file a motion for leave to amend the complaint under Federal Rule of Civil Procedure 15 that complies with Local Civil Rule 15.1. *See* Dkt. No. 11.

Mims did neither. He instead filed an amended complaint without first obtaining Defendants' leave or the Court's consent. *See* Dkt. No. 12.; FED. R. CIV. P. 15(a)(2).

But the Court elected not to strike and un-file the unauthorized pleading and instead directed the Clerk of Court to recharacterize Dkt. No. 12 as a motion for leave to amend. *See* Dkt. No. 13.

Defendants timely responded to the motion for leave, as ordered. *See* Dkt. Nos. 14; Dkt. No. 13 at 2 But Mims failed to file a timely reply, as allowed but not ordered by the Court. *See* Dkt. No. 13 at 2.

Mims's not doing so prompted Defendants to also move to dismiss this lawsuit under Federal Rule of Civil Procedure 41(b), *see* Dkt. No. 15, a motion that may have prompted Mims to move for leave to file an out-of-time reply to the motion for leave, *see* Dkt. No. 16, which the Court denied, *see* Dkt. No. 17.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should deny Defendants' motion to dismiss under Rule 41(b), grant Defendants'

motion to dismiss under Rule 12(b)(6)/for a more definite statement under Rule 12(e) to the extent that it should dismiss the complaint for failure to state a claim on which relief may be granted, deny leave to amend as futile, and enter judgment dismissing this lawsuit with prejudice.

## Applicable Background

Mims's TILA and FDCPA claims are based on the following alleged facts:

Plaintiff is a consumer, pursuant to 15 U.S.C. 1602(i), and 15 U.S.C. 1692(3).

Defendants are involved in the extension of consumer credit.

On September 5th, 2022, Plaintiff visited Lone Star Cadillac, seeking a new automobile. While there, Plaintiff was approached by a salesman known to Plaintiff as "JW."

Plaintiff identified the automobile that he desired, to salesman "JW." After [ ] submitting Plaintiff's credit application, "JW" told Plaintiff that Lone Star Cadillac would require a cash down-payment in the amount of $7500.00, incident to the approval of the credit extension.

Plaintiff's vehicle, a black 2014 Cadillac XTS … was assessed a cash value of $7500.00 by Lone Star Cadillac and taken by Lone Star Cadillac as a cash down payment.

In connection with a finance agreement that involved a Finance Charge, Defendants took cash and failed to provide proper and accurate disclosures and notices and failed to accurately disclose the Finance Charge required under TILA.

Capital One Auto Finance and Lone Star Cadillac criminal behavior and conduct, deceptive, and misleading documentation and practices changed the identity of my private consumer transaction into a public commercial transaction for Lone Star Cadillac and Capital One Auto Finance profit and gain.

Lone Star Cadillac assigned the finance agreement to Capital One Auto Finance.

Capital One Auto Finance engaged in actions against me that violated the FDCPA 15 U.S.C. 1692, et al., including but not limited to the use of abusive, deceptive, and unfair debt collection practices, as well as

Defendants actions constitute conduct highly offensive to a reasonable person, and as result of Defendants' violations of the TILA, and the FDCPA, defendants are liable to Plaintiff for Plaintiff's actual damages, and statutory damages.

Dkt. No. 3 at 2.

Mims contends that these allegations support three violations of the TILA: that Defendants "[k]nowingly and willfully with[held] information from a consumer in a consumer credit transaction" (15 U.S.C. § 1611); "[r]equired the inclusion of a cash down payment in the finance agreement" (15 U.S.C. § 1605); and "[f]ailed to provide all required TILA disclosures and accurately disclose finance change, preventing me from making an informed decision." *Id.* at 3.

As to the FDCPA, Mims asserts that his allegations also support violations of 15 U.S.C. §§ 1692b, 1692c, 1692d, 1692e, 1692f, and 1692g. *See id.* at 4.

Mims's proposed amended complaint is substantively identical to the original complaint, except that Mims attaches documents to the amended complaint. *Compare* Dkt. No. 3 at 1-4, *with* Dkt. No. 12 at 1-4; *see also* Dkt. Nos. 12-1, 12-2, 12-3, 12-4, 12-5, 12-6, 12-7, 12-8, 12-9, & 12-10.

## Legal Standards

In deciding a motion to dismiss for failure to state a claim on which relief may be granted under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a motion is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see also Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

As these cases reflect, Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, but it does require that a plaintiff allege more than labels

and conclusions. And, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

In sum, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*, 920 F.3d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citation omitted)).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are insufficient.'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And

"liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

"To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P.

10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the

Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

As an alternative to moving for dismissal under Rule 12(b)(6), "[i]f a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

"When a party moves for a more definite statement, 'the court must determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading.'" *I Love Omni, LLC v. Omnitrition Int'l, Inc.*, No. 3:16-cv-2410-G, 2017 WL 1281130, at *4 (N.D. Tex. Apr. 6, 2017) (quoting *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)).

Sufficient notice derives from Rule 8(a)(2), "which provides that a complaint must include only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz*, 534 U.S. at 513. "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "And the concept of sufficient or fair notice must be understood consistent with" the pleading requirements as explained in *Twombly* and *Iqbal*, set out above, which require "just 'enough facts to state a claim to relief that is plausible on its face.'" *Rountree v. Fed.*

*Express Dall.*, No. 3:23-cv-1089-N-BN, 2023 WL 4533929, at *2 (N.D. Tex. July 12, 2023) (quoting *Twombly*, 550 U.S. at 570).

Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2).

Because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

Rule 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (holding that the text of Rule 41(b) does not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify

as a failure to prosecute (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992))).

This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (quoting *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting, in turn, *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. Nov. 1981))).

A Rule 41(b) dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

> Although "[l]esser sanctions such as fines or dismissal without prejudice are usually appropriate before dismissing with prejudice, ... a Rule 41(b) dismissal is appropriate where there is 'a clear record of delay or contumacious conduct by the plaintiff and when lesser sanctions would not serve the best interests of justice.'"

*Nottingham*, 837 F.3d at 441 (quoting *Bryson v. United States*, 553 F.3d 402, 403 (5th Cir. 2008) (per curiam) (in turn quoting *Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1521 (5th Cir. 1985))); *see also Long*, 77 F.3d at 880 (a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile); *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff,

conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

"When a dismissal is without prejudice but 'the applicable statute of limitations probably bars future litigation,'" that dismissal operates as – i.e., it is reviewed as – "a dismissal with prejudice." *Griggs*, 905 F.3d at 844 (quoting *Nottingham*, 837 F.3d at 441); *see, e.g., Wright*, 754 F. App'x at 300 (affirming dismissal under Rule 41(b) – potentially effectively with prejudice – where "[t]he district court had warned Wright of the consequences and 'allowed [her] a second chance at obtaining service'" but she "disregarded that clear and reasonable order").

## Analysis

## I.    The Court should deny Defendants' second motion, requesting dismissal under Rule 41(b).

The only basis that Defendants advance to support dismissing this lawsuit for failure to prosecute or failure to comply with a Federal Rule of Civil Procedure or a court order is that Mims "failed to file [a] reply or otherwise communicate with the Court regarding an extension or inability to comply" with the September 26, 2023 order. Dkt. No. 15 at 1.

But that order merely provided that "Mims may file a reply brief, but no additional documents, by November 10, 2023." Dkt. No. 13 at 2 (emphasis omitted).

So Mims did not fail to comply with a court order by not filing a reply brief, "and dismissal of his case on this basis is not warranted." *Black v. Target Corp.*, No. 3:16-cv-2351-M, 2016 WL 7192176, at *1 (N.D. Tex. Nov. 15, 2016) ("Defendant contends that Plaintiff failed to comply with a court order requiring him to file a

response to its motion for a more definite statement. The order stated that Plaintiff *may* file a response to the motion, however. It did not state that Plaintiff must or shall file a response. He therefore did not fail to comply with an order of the court, and dismissal of his case on this basis is not warranted." (emphasis in original)).

II. **The Court should grant Defendants' first motion to the extent that they request dismissal under Rule 12(b)(6) – obviating the need for a more definite statement under Rule 12(e) – while leave to amend should be denied because Mims's proposed amended complaint demonstrates that granting leave to amend would be futile.**

"The line between Rule 12(b)(6) and Rule 12(e)'s pleading standards is a blurry one, with" – as is the case here – "parties frequently requesting relief in the alternative." *Hoot Sys. LLC v. Comal Concrete Prods., Inc.*, No. 2:19-CV-00957, 2020 WL 1939180, at *2 (W.D. La. Apr. 22, 2020).

"'[A]n implausible claim may well be stated intelligibly enough to enable the framing of a response,' allowing a claim that would survive Rule 12(e) to be vulnerable on a Rule 12(b)(6) motion." *Id.* (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1376 (3d ed.)).

But, at the same time, "the fact that a careful [j]udge, in the exercise of that wise discretion controlled by the prescribed principles of [Rule 12(e)], might … conclude" that "the complaint is such that a party cannot reasonably be required to frame a responsive pleading" "does not permit him to dismiss the complaint for failure to state a claim." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959) (internal quotation marks omitted).

This confusion may contribute to why "[m]otions for a more definite statement are generally disfavored." *Conceal City, L.L.C. v. Looper Law Enforcement, LLC*, 917

F. Supp. 2d 611, 621 (N.D. Tex. 2013) (citations omitted).

Regardless, for the reasons set out below, Mims fails to state a claim on which relief may be granted, which requires dismissal of the operative complaint under Rule 12(b)(6).

So, at least here, it does not matter that a party also cannot reasonably be required to frame a responsive pleading to a complaint that alleges that the defendants "engaged in actions against [a plaintiff] that violated [a statute] including but not limited to" or that alleges "[m]ultiple [unspecified] individual actions in violation of" multiple statutes. Dkt. No. 3 at 3-4.

Starting with the TILA claims, Mims alleges specific violations of Sections 1605 and 1611 and generally that Defendants "[f]ailed to provide all required TILA disclosures and accurately disclose finance change, preventing me from making an informed decision." Dkt. No. 3 at 3.

Such general allegations fail to "allege any facts stating which disclosure requirements [Defendants] violated, or when, or how the violations occurred," and a "conclusory statement, devoid of any factual allegations, is insufficient to support a claim or survive a motion to dismiss." *Walker v. U.S. Bank*, No. 3:21-cv-758-L, 2021 WL 5701498, at *3 (N.D. Tex. Nov. 1, 2021), *rec. accepted*, 2021 WL 5630922 (N.D. Tex. Nov. 30, 2021).

As to liability under Section 1611, "Section 1611 provides for criminal liability for willful and knowing violations of TILA and does not provide a private civil right of action." *James v. Ally Bank*, No. 4:21-CV-00925-SDJ-CAN, 2023 WL 1093891, at

*4 (E.D. Tex. Jan. 3, 2023) (collecting cases), *rec. adopted*, 2023 WL 1081270 (E.D. Tex. Jan. 27, 2023).

Mims's Section 1605 claim is difficult to decipher. But, liberally construed, he appears to allege that, because the finance agreement documented a downpayment in cash, it violated Section 1605, which provides, in applicable part, that

> the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit[, but t]he finance charge does not include charges of a type payable in a comparable cash transaction.

15 U.S.C. § 1605(a).

Section 1605(a) continues by providing "[e]xamples of charges which are included in the finance charge," including "[b]orrower-paid mortgage broker fees, including fees paid directly to the broker or the lender (for delivery to the broker) whether such fees are paid in cash or financed." 15 U.S.C. § 1605(a)(6).

Contrary to Mims's belief, that the finance agreement documented a cash downpayment – which Mims does not allege was also included in the finance charge itself – appears to comport with the statute and therefore does not allege a plausible claim for relief based on Section 1605. *See Shareef v. Chrysler Capital*, Civ. A. No. 21-3858, 2022 WL 1045533, at *2 (E.D. Pa. Apr. 7, 2022) ("The 'finance charge' is the sum of all charges, minus certain exclusions, payable by the borrower and imposed by the creditor incident to the extension of credit. 15 U.S.C. § 1605(a)."). *Cf. Johnson v. Local Gov't Fed. Credit Union*, 5:22-cv-00010-KDB-DSC, 2022 WL 1228216, at *2 (W.D.N.C. Apr. 26, 2022) ("Plaintiff claims that Defendant breached the Agreement

by failing to disclose, pursuant to this provision, that 'car insurance' was included in the finance charge. Section 1605(a)(5), however, relates to credit insurance protecting Defendant against credit loss, not to car insurance. And, as contemplated by Section 1605(a)(5), the Agreement explicitly allows Defendant to obtain – and include as a finance charge – credit insurance premiums. This provision does not relate to nor provide relief for Plaintiff's claim on this issue. Plaintiff has failed to state a claim for relief.").

As to Mims's efforts to amend his TILA claims, as set out above, he realleges the same claims but amends them by providing the Court with documentation. And those documents reflect that the amount that Mims financed to purchase the automobile at the center of this lawsuit was $52,648.30. *See, e.g.*, Dkt. No. 12-1 at 1.

But "the TILA does not apply to consumer credit transactions in which the total amount financed exceeds $50,000 unless the transaction fits into certain categories not at issue here." *Lockett v. Helfman Motor Sales, Inc.*, No. 4:21-CV-4082, 2022 WL 17730574, at *3 (S.D. Tex. Aug. 31, 2022) (finding that the TILA did not apply where the plaintiff "allege[d] the truck loan totaled $57,048"; citing 15 U.S.C. § 1603(3); *Hardaway v. Toyota Fin. Servs.*, No. 21-CV-194, 2022 WL 317758, at *3 n.1 (E.D. Tex. Feb. 2, 2022) ("The Court notes that the TILA generally does not apply to consumer credit transactions where the total amount financed exceeds $50,000, unless the transaction related to private education loans, and interest in real property, or in personal property used or expected to be used as the principal dwelling of the consumer." (citation omitted))).

So Mims has demonstrated that granting him leave to amend his TILA claims would be futile, as the claims as amended would be subject to dismissal.

Turning to the FDCPA, it "was enacted in part 'to eliminate abusive debt collection practices by collectors.'" *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 581 (5th Cir. 2020) (quoting 15 U.S.C. § 1692(e)).

> For purposes of the FDCPA, a "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." [15 U.S.C.] § 1692a(6). There are two categories of debt collectors: those who collect debts as the "principal purpose" of their business, and those who collect debts "regularly." *Hester v. Graham, Bright & Smith, P.C.*, 289 F. App'x 35, 41 (5th Cir. 2008). "A person may 'regularly' collect debts even if debt collection is not the principal purpose of his business." *Id.* "Whether a party 'regularly' attempts to collect debts is determined, of course, by the volume or frequency of its debt collection activities." *Brown v. Morris*, 243 F. App'x 31, 35 (5th Cir. 2007) (per curiam).

*Bent v. Mackie Wolfe Zientz & Mann, P.C.*, No. 3:13-cv-2038-D, 2013 WL 4551614, at *3 (N.D. Tex. Aug. 28, 2013).

Even at the pleading stage, the Court need not accept a mere allegation that a particular defendant is a debt collector. *See id.* ("Plaintiffs' assertion that Defendant undertook the role of 'debt collector' is a legal conclusion that courts are not bound to accept as true." (citing *Iqbal*, 556 U.S. at 678)).

And Mims alleges insufficient (if any) facts in the complaint to plausibly allege that any defendant undertook the role of "debt collector" – which "is fatal to [the] FDCPA claims." *Id.* (citations omitted).

Plus, the documents attached to the proposed amended complaint reflect that the only collection activity alleged is by Mims's own creditor. *See* Dkt. Nos. 12-3-12-

10.

So leave to amend the FDCPA claims would also be futile, as these claims as amended would, like the TILA claims as amended, be subject to dismissal. *See, e.g., Rushing v. Exeter Fin. LLC*, No. 3:22-cv-1704-G-BT, 2022 WL 17083660, at *3 (N.D. Tex. Oct. 26, 2022) ("Rushing does not allege facts to plausibly plead that Exeter is a debt collector, as that term is defined by the FDCPA. Rather, the term 'debt collector' specifically refers to those who are collecting a debt on behalf of another. It does not apply to creditors – like Exeter – who are collecting their own debts." (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("[A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." (citations omitted)))), *rec. accepted*, 2022 WL 17084143 (N.D. Tex. Nov. 17, 2022).

## Recommendation

The Court should deny Defendants Capital One Auto Finance and Lone Star Cadillac's motion to dismiss under Federal Rule of Civil Procedure 41(b) [Dkt. No. 15]; grant Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)/for a more definite statement under Federal Rule of Civil Procedure 12(e) [Dkt. No. 8] to the extent that it should dismiss the complaint for failure to state a claim on which relief may be granted; deny Plaintiff Jamel Mims's motion for leave to amend [Dkt. No. 12] as futile; and enter judgment dismissing this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 25, 2024

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE